# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

LLOYD DEAN,

    Petitioner,

v.                                                                Case No. 5:16-cv-73-Oc-02PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et. al.,

    Respondents.
_____/

## ORDER

Petitioner, a state prisoner, initiated this case by filing a Petition for Writ of Habeas Corpus. Dkt. 1. At the direction of the Court, Petitioner filed an Amended Petition. Dkt. 17. Respondents have filed a Response to the Amended Petition, Dkt. 21, and Petitioner has filed a Reply to the Response, Dkt. 23. Because the Court may resolve the Amended Petition on the basis of the record, an evidentiary hearing is not warranted. *See* Habeas Rule 8(a). The Amended Petition is dismissed as untimely.

## BACKGROUND

Petitioner challenges his 1968 conviction of robbery in Lake County, Florida. Dkt. 17 at 1. In July 1967, Petitioner, an 18-year-old, was charged in Lake County with one

count of robbery. Dkt. 22-1 at 5. Petitioner initially pleaded not guilty, but then changed his plea to guilty. *Id.* at 8. After a pre-sentence investigation, a sentencing hearing was conducted on April 4, 1968. *Id.* at 15.[1] At the conclusion of the hearing, the Fifth Judicial Circuit Court of the State of Florida, in and for Lake County, sentenced Petitioner to life imprisonment. *Id.* at 18. Judgment was entered on the same date. *Id.* at 12.

On April 18, 1968, Petitioner, through counsel, moved for reconsideration of the sentence because of his age and the fact that he had no previous criminal record. Dkt. 22-3 at 34. Petitioner, on his own behalf, also submitted a letter to the judge requesting a reduction in sentence. *Id.* at 36. On May 13, 1968, the trial court denied the request for reduction in sentence. *Id.* at 35.

In May 1969, Petitioner filed a motion requesting that the trial court set aside the judgment. Dkt. 22-1 at 21. The court conducted a hearing on the matter on June 16, 1969. Dkt. 22-2 at 2. Petitioner argued that his counsel led him to believe that if he pled guilty then the robbery "would automatically be broken down to a lesser charge of grand larceny at trial." *Id.* at 7. Petitioner also argued that the trial court committed error by

---

[1] At the time of the sentencing hearing, Petitioner was 19 years old. The public defender's office represented Petitioner at the hearing and argued that probation was appropriate because of Petitioner's age, the co-defendant received probation, and Petitioner had no criminal record "except perhaps misdemeanors and [a juvenile] record." Dkt. 22-1 at 16.

not advising him of his right to be tried by a jury, and improperly received the plea without having Petitioner sign a stipulation waiving his right to a trial by jury. *Id.* Finally, Petitioner claimed that he was an unmarried minor and the trial court erred when it did not notify his parent that he was being detained to stand trial. *Id.* On April 28, 1971, the state court denied the motion without discussion. *Id.* at 12.

In March 2004, Petitioner filed a petition with the Fifth District Court of Appeal for the State of Florida (Fifth DCA) requesting leave to file a belated appeal. Dkt. 22-3 at 2. Petitioner argued that he was a juvenile at the time of the offense and never waived his right to be "treated as a [juvenile] at the plea hearing," that the trial court failed to advise him as a juvenile of the "nature of the charge or action against him," that the trial court failed to advise him of the maximum possible sentence that could be imposed before Petitioner entered his plea, and that Petitioner, a "[juvenile] convicted as an adult, did not waive his rights to request sentencing under statute governing disposition procedures for [a] juvenile convicted as an adult and trial court failed to follow those procedures before imposing sentence." *Id.* at 5-6. Petitioner argued that the appeal should be permitted because he was never advised of his right to appeal. *Id.* at 6. On April 24, 2004, the Fifth DCA denied the "untimely petition for belated appeal." *Id.* at 42. On or about April 22, 2004, Petitioner filed a motion for rehearing on that decision. *Id.* at 44. On May 17, 2004, the motion was denied. *Id.* at 55.

In June 2004, Petitioner filed with the trial court a motion to correct illegal sentence and to withdraw his plea filed pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure. Dkt. 22-4 at 2. On September 8, 2004, after conducting a hearing, the trial court denied the motion finding that Rule 3.172 of the Florida Rules of Criminal Procedure, the basis of Petitioner's motion, did not come into effect until eight years after the plea was entered. *Id.* at 42. The court stated that in 1973 it was held that there was no requirement that the record demonstrate a specific enumeration and waiver of federal constitutional rights, such as the right to a jury trial, to confront witnesses, and the privilege against self-incrimination in order for a plea to be voluntary. *Id.* Additionally, the court held that claims regarding involuntary pleas must be raised in post-conviction motions and not motions to correct illegal sentences. *Id.* The court added that it could not consider the motion under Rule 3.850 of the Florida Rules of Criminal Procedure because the motion did not comply with the time limitations nor the contents requirements. *Id.*

Petitioner appealed the decision, but then filed a notice of voluntary dismissal. *Id.* at 45, 54. The Fifth DCA dismissed the appeal on April 14, 2005. *Id.* at 59. On or about July 31, 2006, Petitioner filed a motion pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure claiming that his sentence was illegal pursuant to state law. Dkt. 22-5 at 15. On November 29, 2006, the trial court denied the motion finding that his claim

lacked merit. *Id.* at 38. Petitioner filed a petition for writ of certiorari, which the Fifth DCA construed as a notice of appeal. Dkt. 22-5 at 2. On January 26, 2007, the Fifth DCA found that the order denying the 3.800 motion was properly entered. *Id.* at 48.

On or about August 27, 2014, Petitioner filed with the trial court a petition for writ of habeas corpus requesting that the court correct a manifest injustice. *Id.* at 50. On October 27, 2014, the trial court denied the petition because it was successive, a petition is not a substitute for raising issues in a timely manner and in an appropriate motion, and Petitioner did not show that he was entitled to habeas relief. Dkt. 22-6 at 2. On November 21, 2014, Petitioner's request for rehearing was also denied. *Id.* at 11. Petitioner appealed the orders on or about December 22, 2014. *Id.* at 13. On October 20, 2015, the Fifth DCA affirmed the denial of the petition for writ of habeas corpus. *Id.* at 87.

The Court received Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 19, 2016. Dkt. 1. The Court directed Petitioner to file an Amended Petition because he did not use the correct form, and to allow Petitioner to make clear each separate ground for relief. Dkt. 13. In his Amended Petition under § 2254, Petitioner argues that he is entitled to habeas relief because his plea was involuntarily given. Dkt. 17. He seeks to withdraw the plea and proceed to trial. *Id.*

Respondents contend that Petitioner is not entitled to relief because the Petition was untimely filed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner's judgment became final in 1968, before AEDPA's effective date of April 24, 1996, the deadline for Petitioner to file any petition was in 1997. *See Wood v. Milyard*, 566 U.S. 463, 468 (2012). In the absence of statutory tolling, Petitioner appears to concede that the Petition was filed out of time. Dkt. 17 at 13. He instead argues the Court should allow him to proceed because of equitable tolling and "manifest injustice and a miscarriage of justice . . . overcome the time bar." *Id.*

Specifically, Petitioner states that in 1969, he filed a "Rule 1 motion," which was denied and there was no time limit on filing motions until 1985. *Id.* Petitioner also states that he had no transcript or funds to obtain the transcripts and, though he obtained transcripts from a "concerned citizen," a law clerk at the Marion Correctional Institution lost the document. *Id.* Petitioner then states that he was transferred to a number of institutions and, in 2004, he was transferred to Union Correctional Institution and received the transcripts. *Id.* Petitioner asserts that he filed the 3.800(a) motion, which had no time limit but was nonetheless denied as procedurally barred. *Id.* In 2014, he filed another motion. *Id.*

Petitioner argues that he can overcome the time bar because the trial court failed to advise him of the maximum sentence, which was a "fundamental error" in violation of due process. *Id.* Finally, Petitioner states in the Reply that he has a limited education and no one told him to file a federal habeas petition. Dkt. 23 at 1.

Section 2244(d)'s one-year limitation period "permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation and quotation marks omitted). Petitioner's procedural ignorance is not enough. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (finding that the petitioner's lack of education may have delayed his efforts to vacate his state conviction, but "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005) (refusing to apply equitable tolling where petitioner could not "establish his own diligence in ascertaining the federal habeas filing deadline"). And though Petitioner states he has a limited education, there is no indication on the record he suffers any mental impairment as in *Hunter v. Ferrell*, 587 F.3d 1304, 1309-10 (11th Cir. 2009).

Secondly, though a miscarriage of justice does avoid AEDPA's time bar, such a gateway requires a requisite showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner here asserts no such claim. Nor does he provide any authority for the applicability of a manifest injustice exception apart from an actual innocence claim. *See, e.g.*, *Scott v. United States*, 740 F. Supp. 2d 1317, 1331 (S.D. Fla.

2010) (applying manifest injustice exception to AEDPA time bar in case of actual innocence).

The Court recognizes Petitioner's argument that his repeated transfers and failure to maintain his transcript impeded his ability to pursue his state remedies and federal habeas petition. The Court is moreover mindful that Petitioner is pro se. The Court, however, agrees with Respondents that Petitioner admittedly had his transcripts while at Union Correctional Institution in 2004 and, even counting forward from 2004, he still waited about twelve years to file the Petition. This does not demonstrate diligence. Additionally, the time line of the state court filings does not show that Petitioner was otherwise inhibited from bringing his claim to state or federal court.

The Court further notes that Petitioner's underlying argument is that his plea was involuntary. But apparently even without a transcript, Petitioner was able to challenge the validity of the plea at the 1969 hearing on his motion to vacate. Accordingly, there is no showing that his delayed receipt of the transcript prevented him from seeking relief in state or federal court. In short, Petitioner's criminal judgment became final in the 1960s and he has not shown that he is entitled to circumvent AEDPA's one-year statute of limitations. Any further amendment of the Petition would be futile.

## CONCLUSION

The Court **DISMISSES with prejudice** the Amended Petition. Dkt. 17. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida on January 22, 2019.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record